1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LEE RICHES,                        )        No. C 07-6152 MJJ (PR)
                                            )
        Plaintiff,                          )        **ORDER OF DISMISSAL**
                                            )
    v.                                      )
                                            )
BRETT FAVRE,                                )
                                            )
        Defendant.                          )
_____        )

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42

U.S.C. § 1983 against Brett Favre.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §

1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings

must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

(9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. See

West v. Atkins, 487 U.S. 42, 48 (1988).


Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of

G:\PRO-SE\MJJ\CR.07\riches58.dsm.wpd

1  the complaint's factual allegations and dismiss as frivolous those claims whose factual

2  contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

3  Examples are claims describing fantastic or delusional scenarios with which federal district

4  judges are all too familiar.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).  To pierce the

5  veil of the complaint's factual allegations means that a court is not bound, as it usually is

6  when making a determination based solely on the pleadings, to accept without question the

7  truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual

8  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

9  wholly incredible, whether or not there are judicially noticeable facts available to contradict

10  them.  See id. at 32-33.

11  　　　Plaintiff alleges that Brett Favre is conspiring with the federal government insofar as he pays

12  income tax to the federal government, which is then used in part to fund the federal Bureau of

13  Prisons.  Plaintiff further claims the federal government is engaged in a scheme to give Favre

14  steroids and other performance enhancing drugs.  Plaintiff alleges, "Favre has total disregard for

15  federal inmates.  He does not speak on behalf of Federal inmates abuse, neglect."  Plaintiff seeks 50

16  million dollars from Favre, and a restraining order.  As plaintiff's allegations are clearly baseless,

17  irrational or wholly incredible, the complaint will be dismissed as frivolous under sections 1915A

18  and 1915(e)(2).

19  　　　For the foregoing reasons, this action is DISMISSED.

20  　　　The Clerk shall close the file.

21  　　　IT IS SO ORDERED.

22  DATED: December 20, 2007

　　　MARTIN J. JENKINS
　　　United States District Judge

23

24

25

26

27

28